UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>              Plaintiff,<br><br>    v.<br><br>T. MINTON,<br><br>             Defendant. | No. 2:13-cv-01632 JAM DAD P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Filing Fee or Application to Proceed In Forma Pauperis**

Plaintiff has not paid the required filing fee of $400.00 or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the required filing fee in full or submit a properly completed application to proceed in forma pauperis.

**II. Plaintiff's Complaint**

Plaintiff's handwritten complaint is difficult to decipher because much of it is illegible. It appears, however, that plaintiff is attempting to allege that defendant correctional officer Minton

/////

1 subjected plaintiff to excessive cell searches in retaliation for plaintiff's pursuit of litigation
2 against other correctional officers.

3 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
4 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
5 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
6 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
7 However, in order to survive dismissal for failure to state a claim a complaint must contain more
8 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550
10 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
11 allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
12 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and
13 resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14 Here, the allegations in plaintiff's complaint are so vague and conclusory that the court is
15 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
16 complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
17 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
18 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
19 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
20 with at least some degree of particularity overt acts which defendants engaged in that support his
21 claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
22 8(a)(2), the complaint will be dismissed.  The court will, however, grant plaintiff leave to file an
23 amended complaint if he wishes to pursue this action and will below set forth the legal standards
24 governing the claim it appears that plaintiff is attempting to bring.

25 **III. Legal Standards Applicable to a Retaliation Claim**
26 It is well-established that prison inmates have a constitutional right to be free from
27 retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil
28 rights litigation in the courts.'" Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir.2005) (quoting

1  Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995)).  A prisoner's claim of unconstitutional
2  retaliation has five elements.  First, plaintiff must allege and show that he engaged in conduct
3  protected by the First Amendment.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012).
4  Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff."  Id.
5  (citing Rhodes, 408 F.3d at 567).  "The adverse action need not be an independent constitutional
6  violation."  Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).  Third, plaintiff must
7  allege and show a causal connection between the protected conduct and the adverse action.  Id.
8  Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of his or her
9  First Amendment rights or some other harm.  Id.  Finally, the plaintiff must allege and establish
10  that the retaliatory action "'did not advance legitimate goals of the correctional institution.'"  Id.
11  (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)).  Here, if plaintiff elects to file an
12  amended complaint, he must allege facts addressing each of these five elements with respect to
13  his retaliation claim.

**IV. Amended Complaint**

15  If plaintiff chooses to file an amended complaint in this action, he must also allege facts
16  demonstrating how the conditions complained of resulted in a deprivation of his federal
17  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Moreover,
18  the amended complaint must allege in specific terms how each named defendant was involved in
19  the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there
20  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
21  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
22  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of
23  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673
24  F.2d 266, 268 (9th Cir. 1982).

25  Plaintiff is informed that the court cannot refer to a prior pleading in order to make
26  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
27  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
28  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of defendant in the alleged constitutional violation must be sufficiently alleged.

**V. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, either the $400.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff"s complaint filed August 7, 2013, is dismissed;

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must answer each question in the form complaint and the amended complaint must be legible;

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to provide plaintiff with the court's application for leave to proceed in forma pauperis by a non-prisoner and the form complaint for a section 1983 action.

Dated:  April 1, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
beny1632.14ifp

4