UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. MINTON,<br><br>　　　　Defendant. | No. 2:13-cv-01632 JAM DAD P<br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 27, 2015, the court screened plaintiff's first amended complaint and determined that service was appropriate on defendant T. Minton. (ECF No. 12.) Accordingly, plaintiff was directed to return, within thirty days, the documents necessary to effect service on defendant Minton. (Id.) On April 6, 2015, the court received the necessary documents from plaintiff. (ECF No. 13.) On April 21, 2015, the court issued an order directing the United States Marshal to serve defendant Minton. (ECF No. 14.)

On August 24, 2015, a form USM-285 was docketed, which notifies the court that the United States Marshal was unable to locate, and therefore unable to complete service on, defendant Minton. (ECF No. 18.) That form USM-285 provides in pertinent part:

> Sent to CDCR Special Investigator 8/17/15. 8/24/15 CDCR Special Investigator stated T. Minton separated from the CDCR. Locating

1

>> information is not current and has shown to not work.  Unable to locate.

(Id. at 1.)

On September 8, 2015, the court issued an order directing plaintiff to complete and submit a new USM-285 form containing the necessary information to serve defendant Minton.  (ECF No. 19.)  Plaintiff was therein notified that he could seek information concerning defendant Minton's whereabouts "through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff."  (Id. at 1)  Plaintiff was further notified that "[i]f access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention."  (Id.)

Now before the court are two identical motions, each entitled "Motion Seaking Court Intervention to Locate Defendant Minton and Seeking Explanation as to the Lengthy U.S. Marshalls Office Service Time and Investigation." (sic) (ECF No. 20 at 1; ECF No. 21 at 1.)  Plaintiff states in this motions that he is unable to locate defendant Minton and therefore "[h]e asks the court for judicial intervention in locating the said defendants and subpoena of all documents in relationship to the defendants in which provide access to locating the defendants."[1] (Id. at 3-4.)

In making this request, plaintiff appears to have misunderstood the meaning of the court's statement, in the September 8, 2015 order, that "[i]f access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention."  (ECF No. 19 at 1.)  The quoted statement means only that if an individual or entity fails to properly respond to a discovery request or a California Public Records Act request, plaintiff may move the court for an order compelling that party's compliance.  The court has no means to assist plaintiff in locating

---

[1] In the two motions, plaintiff also criticizes the United States Marshal for alleged delays in attempting to locate defendant Minton.  (Id. at 6-7.)  The relevance of this criticism to the instant motions is unclear.  Much of the remainder of plaintiff's motions, which consists of statements such as, "Furthermore I am not Simon Elliott your Mossad or Israeli Secret Intelligent Service leader, (I.S.I.S.) your hero in Iraq.  I am Robert Benyamini, therefore I think I should be exonerated of all crimes California and their most Mossad loving Gentiles have said I committed as chances are it was and where Simon Elliott" (id. at 8) is incomprehensible.  Accordingly, the court has disregarded these portions of the motions.

defendant Minton beyond the issuance of such an order.  In the present case, the United States Marshal sought information regarding defendant Minton's whereabouts from CDCR; this information turned out to be "not current and [w]as shown not to work" (ECF No. 18 at 1) for purposes of locating defendant Minton.  In making this request, the United States Marshal appears to have fully complied with paragraph 6a of the court's April 21, 2015 service order, which directed the Marshal to "command all necessary assistance from [CDCR]" in effecting personal service. (ECF No. 14 at 2.)  Accordingly, no further order directed to the United States Marshal appears warranted until plaintiff provides the information necessary to serve defendant Minton.

Accordingly, plaintiff will be granted a final opportunity to provide the information necessary to effect service on defendant Minton.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions seeking court intervention in locating defendant T. Minton (ECF Nos. 20, 21) are denied.

2. The Clerk of the Court is directed to send to plaintiff one USM-285 form, along with an instruction sheet and a copy of the amended complaint filed April 16, 2014.

3. Within thirty days from the date of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court, together with one completed USM-285 form for defendant T. Minton.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 1, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
beny1632.locate.deny

3

4

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT BENYAMINI, | No. 2:13-cv-1632 JAM DAD P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| T. MINTON, | |
| Defendant. | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

   \_\_\_\_      completed summons form

   \_\_\_\_      completed USM-285 forms

   \_\_\_\_      copies of the _____

                  Amended Complaint

DATED:

                                            _____

                                            Plaintiff