UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENAYMINI,<br><br>    Plaintiff,<br><br>    v.<br><br>T. MINTON,<br><br>    Defendant. | No.  2:13-cv-1632 JAM AC (TEMP) P<br><br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff, a former state prisoner proceeding pro se, has filed an action pursuant to 42 U.S.C. § 1983.  This case was initiated on August 7, 2013, and is proceeding on a first amended complaint found to state a First Amendment claim against defendant T. Minton. (ECF No. 12.)

On March 27, 2015, plaintiff was ordered to submit documents necessary to effectuate service on this defendant.  Plaintiff submitted timely service documents on April 6, 2015, listing the address for New Folsom State Prison ("NFSP"), defendant's former employer, as the service address.  (ECF No. 13.)  On April 21, 2015, the United States Marshal ("USM") was directed to serve defendant, but the summons was returned unexecuted after the USM was informed by a special investigator with the California Department of Corrections and Rehabilitation ("CDCR") that defendant no longer works at NFSP and his forwarding address is not current "and has shown not to work."  (ECF No. 18.)  Since then, the court twice directed plaintiff to submit a proper address to serve defendant.  (ECF Nos. 19, 28.)  Each time, plaintiff submitted the same address

for service, resulting in two more failed attempts by the USM to serve this defendant.  (See ECF Nos. 27, 32.)

In the interim, plaintiff filed two motions seeking court intervention to locate defendant. (ECF Nos. 20-21.)  These motions were denied by the then-presiding magistrate judge on the grounds that the USM already received necessary assistance from CDCR in effecting personal service and there was no indication that plaintiff sought defendant's address through other means (e.g., a discovery request or a California Public Records Act request). (ECF No. 22.)

Federal Rule of Civil Procedure 4(m), as it existed when plaintiff filed his complaint, provided plaintiff 120 days to serve defendant Minton.[1]  Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.  If a plaintiff fails to serve a defendant in the allotted time or show good cause for that failure, the court can either dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The court's discretion under Rule 4(m) is broad.  See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (citing Henderson v. United States, 517 U.S. 654, 661 (1996)).

Here, service has been ordered on defendant on three different occasions since April 21, 2015, without success.  Despite the inadequacy of the NFSP address, plaintiff submitted it twice more as the service address for defendant.  Plaintiff has already been informed that no further opportunities to provide the information necessary to effect service on defendant Minton would be provided. (See ECF No. 22 at 3.)

///

///

---

[1] Effective December 1, 2015, the time period for proper service decreased from 120 days to 90 days. Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Because plaintiff filed his original complaint in August 2013, the court considers plaintiff's deadline for timely service under Rule 4(m) to be 120 days from the date he filed his complaint. See Dao v. Liberty Life Assurance Co. of Boston, 2016 WL 796095, at *2 (N.D. Cal. Feb. 23, 2016) (quoting 2015 U.S. Order 0017) (explaining that the 2015 amendments to the Federal Rules of Civil Procedure apply to pending cases "insofar as just and practicable"); see also Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.").

1  Accordingly, it is HEREBY ORDERED that plaintiff shall show cause, in writing, within
2 fourteen days from the date of this order why this action should not be dismissed pursuant to
3 Federal Rule of Civil Procedure 4(m) for failure to serve process on defendant Minton. Failure of
4 plaintiff to comply with this order may result in dismiss of this action for failure to follow court
5 orders, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for
6 lack of prosecution under Rule 41(b).
7 DATED: May 13, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE