1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

ROBERT BENAYMINI,                              No.  2:13-cv-1632 JAM AC (TEMP) P

12

Plaintiff,

13

v.                                             ORDER AND

14

T. MINTON,                                     FINDINGS & RECOMMENDATIONS

15

Defendant.

16

17        I.        Introduction

18            Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, filed this action

19    on August 7, 2013, pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding on a first amended

20    complaint found to state a First Amendment claim against defendant T. Minton.  ECF No. 12.

21    For the reasons set forth here, the undersigned will recommend that this action be dismissed

22    without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for plaintiff's failure to serve

23    defendant.

24        II.       Relevant Background

25            On March 27, 2015, the first amended complaint was screened, and plaintiff was ordered

26    to submit documents necessary to effectuate service on defendant Minton.  ECF No. 12.  Plaintiff

27    submitted service documents on April 6, 2015, listing the address for New Folsom State Prison

28    ("NFSP"), defendant's former employer, as the service address.  ECF No. 13.  On April 21, 2015,

1  the United States Marshal ("USM") was directed to serve defendant, but the summons was

2  returned unexecuted on August 24, 2015, after the USM was informed by a special investigator

3  with the California Department of Corrections and Rehabilitation ("CDCR") that defendant no

4  longer works at NFSP and his forwarding address is not current "and has shown not to work."

5  ECF No. 18.  The court then twice more directed plaintiff to submit a proper address to serve

6  defendant.  ECF Nos. 19, 28.  Each time, plaintiff submitted the same address for service,

7  resulting in two more failed attempts by the USM to serve this defendant.  See ECF Nos. 27, 32.

8      In the interim, plaintiff filed two motions seeking court intervention to locate defendant.

9  ECF Nos. 20-21.  These motions were denied by the then-presiding magistrate judge on the

10  grounds that the USM already received necessary assistance from CDCR in effecting personal

11  service, and there was no indication that plaintiff sought defendant's address through other means

12  (e.g., a discovery request or a California Public Records Act request).  ECF No. 22.

13      Following the three unsuccessful attempts to serve defendant, the undersigned issued an

14  order to show cause why this action should not be dismissed pursuant to Federal Rule of Civil

15  Procedure 4(m) for failure to serve process on defendant.  EC No. 33.  In his response to the order

16  to show cause, plaintiff claims that the defendant has not been served because of the USM's

17  failure to use all of its resources to locate him.  Plaintiff also claims that he cannot find any other

18  address for this defendant because, as an ex-inmate, he is prohibited from seeking the

19  whereabouts of correctional officers and because, as a litigant proceeding in forma pauperis, he

20  cannot afford to hire a private investigator.

21      III.    Discussion

22      Federal Rule of Civil Procedure 4(m), as it existed when plaintiff filed his complaint,

23  provided plaintiff 120 days to serve defendant Minton.[1]  Fed. R. Civ. P. 4(m); Fed. R. Civ. P.

24  _____

25  [1] Effective December 1, 2015, the time period for proper service decreased from 120 days to 90 days. Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.

26  Because plaintiff filed his original complaint in August 2013, the court considers plaintiff's deadline for timely service under Rule 4(m) to be 120 days from the date he filed his complaint.

27  See Dao v. Liberty Life Assurance Co. of Boston, 2016 WL 796095, at *2 (N.D. Cal. Feb. 23, 2016) (quoting 2015 U.S. Order 0017) (explaining that the 2015 amendments to the Federal Rules

28  of Civil Procedure apply to pending cases "insofar as just and practicable"); see also Bolden v.

1   4(m) advisory committee's note to 2015 amendment.  If a plaintiff fails to serve a defendant in

2   the allotted time or show good cause for that failure, the court can either dismiss the action

3   without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

4   The court's discretion under Rule 4(m) is broad.  See Efaw v. Williams, 473 F.3d 1038, 1041 (9th

5   Cir. 2007) (citing Henderson v. United States, 517 U.S. 654, 661 (1996)).

6          Rule 4(m) requires a court to extend the time for service if a plaintiff shows "good cause"

7   for his failure to serve. Fed. R. Civ. P. 4(m).  "At a minimum, 'good cause' means excusable

8   neglect."  Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  Plaintiff's response to the

9   order show cause does not establish good cause for his failure to serve defendant Minton.

10  Though he asserts that he is prohibited from seeking defendant's address due to his status as an

11  ex-inmate and that he is unable to afford a private investigator, plaintiff has not identified *any*

12  steps that he has taken to locate this defendant's address, including a simple Internet search, a

13  discovery request, or a California Public Records Act request.  Rather, plaintiff has repeatedly

14  relied on old and ineffective address.  Thus, the court is not required to extend the time for

15  service. Fed. R. Civ. P. 4(m).  Due to plaintiff's inaction, this case is stalled and cannot proceed.

16         Additionally, plaintiff's argument that the USM is responsible for the failure to serve

17  defendant is without merit.  The USM is not required to act as an investigative body in

18  ascertaining a correct address for defendant.  Allen v. Commissioner of Arizona State Prison,

19  2014 WL 2435685, at *3 (D. Ariz. May 30, 2014).  "[N]either the [USM] nor the Court may

20  engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place

21  the Court in the role of an advocate."  Id.

22         Although a plaintiff proceeding pro se and in forma pauperis may rely on the USM for

23  service, the plaintiff must provide the necessary information to help effectuate service.  Walker v.

24  Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds (affirming dismissal of

25  claims against unserved defendant pursuant to Rule 4(m) because plaintiff failed to "prove that he

26

27  City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by
    Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants
28  newly added in the amended complaint.").

3

provided the [M]arshal with sufficient information" to serve defendant); Puett v. Blandford, 912 F.2d 270, 274-75 (9th Cir. 1990) (stating "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge").  Accordingly, court dismiss actions pursuant to Rule 4(m) where a plaintiff provides the USM with an inaccurate or obsolete address for a defendant.  See e.g., Thomas v. Scott, 2015 WL 4507255, at *2 (C.D. Cal. July 22, 2015) (accepting recommendation of magistrate that action be dismissed pursuant to Rule 4(m) where the USM attempted service on defendant at a work address plaintiff provided, the USM notified plaintiff that defendant no longer worked at the address, and "despite knowing that the address he provided for [d]efendant was not valid —[plaintiff] failed to take any steps to move this case forward"); see also Brush v. Farber–Szekrenyi, 2009 WL 3415373, at *1 (E.D. Cal. Oct. 21, 2009) report and recommendation adopted, 2009 WL 4510144 (E.D. Cal. Nov. 30, 2009) (recommending dismissal of claims pursuant to Rule 4(m) against unserved defendant "based on plaintiff's failure to provide the USM with information sufficient to effect timely service of the summons and complaint"); Moore v. Lacy, 2010 WL 5644658, at *7 (S.D. Cal. Dec. 17, 2010) report and recommendation adopted, 2011 WL 248089 (S.D. Cal. Jan. 25, 2011) (granting defendants' motion to dismiss claims against unserved defendants pursuant to Rule 4(m)); Pember v. Ryan, 2014 WL 3397735, at *2 (D. Ariz. July 11, 2014) (accepting recommendation of magistrate that claims against unserved defendant be dismissed pursuant to Rule 4(m) because "it remains Plaintiffs' responsibility to provide the Marshals with accurate and sufficient information to effect service").  Here, although plaintiff bore the responsibility to provide necessary information to help effectuate service, he provided the same ineffective address for defendant two more times after receiving notice of its ineffectiveness, resulting in the unsurprising conclusion that the USM was unable to serve this defendant.

Accordingly, under Rule 4(m), dismissal of this action, without prejudice, is warranted.

IV.     Conclusion

For all of the foregoing reasons, it is HEREBY ORDERED that the May 16, 2016, order to show cause is vacated; and

4

It is HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process on defendant.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

DATED: June 20, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE